UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 11-CV-1738 (CEJ) |
| SEAD ZULIC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to enforce settlement agreement. Defendants have not responded to the motion, and the time for doing so has expired.

Plaintiff was the exclusive distributer of the transmission signal for the television broadcast of "UFC 123: Rampage v. Machida" on November 20, 2010. On October 6, 2011, plaintiff filed this action against defendants pursuant to 47 U.S.C. § 605 et seq. and/or 47 U.S.C. § 553 et seq. to recover damages for the unauthorized exhibition of that broadcast. Defendants filed an answer, and the matter was set for jury trial on April 1, 2013.

On September 17, 2012, the parties filed a joint status report, informing the Court that they had reached a general understanding for the settlement of all claims in this action. On September 25, 2013, the Court issued an order vacating the trial setting and directing the parties to file a stipulation for dismissal within thirty days. On January 7, 2013, after no stipulation was filed, the Court entered an order dismissing the action with prejudice, and retaining jurisdiction for the sole purpose of determining whether to enforce the settlement upon motion of any party.

The exhibits attached to plaintiff's motion show that on September 18, 2012, plaintiff's counsel sent defendants' counsel a settlement agreement for signature. Under the agreement, defendants were to pay plaintiff $5,000 in monthly installments of $1,000 each, beginning on October 10, 2012. In exchange, plaintiff agreed to dismiss the lawsuit. On October 9, 2012, defendants' counsel wrote that defendants "need[] additional time to forward the monies for the installment payments" and requested that the settlement agreement be modified so that the defendants' first payment would be due on October 31, 2012. The subsequent communications between the parties' counsel show that defendants' counsel was unsuccessful in communicating with his clients about forwarding payments pursuant to the terms of the agreement.

This Court has the inherent power to enforce a settlement agreement entered into by the parties in a pending case. Barry v. Barry, 172 F.32 1011, 1013 (8th Cir. 1999). Settlement agreements are governed by contract law. Chaganti & Associates v. Nowotny, 470 F.3d. 1215, 1221 (8th Cir. 2006). In order for a settlement agreement to be enforceable, the parties must have reached agreement on the essential terms of the deal. Sheng v. Starkey Laboratories, Inc., 117 F.3d 1081, 1083 (8th Cir. 1997). "The essential elements of a valid settlement agreement are the involvement of parties who are competent to contract, a proper subject matter, legal consideration, mutuality of obligation, and mutuality of agreement." Chaganti & Associates, 470 F.3d at 1221. Additionally, "[s]ettlement agreements that do not expressly resolve ancillary issues can, nevertheless, be enforceable." Sheng, 117 F.3d at 1083. In determining whether an unresolved issue is "material" or "ancillary," the court looks to the intent of the parties. See Worthy v. McKesson Corp., 756 F.2d 1370, 1372 (8th Cir. 1985) ("Crucial to the construction of the settlement agreement

is the intent of the parties."). However, if the parties intended to leave an issue to be worked out during later negotiations, the fact that the issue is still unresolved "cannot be used to abrogate an otherwise valid agreement." Sheng, 117 F.3d at 1083. Finally, the party requesting enforcement of a settlement agreement has the burden of proving its claim for relief by clear, convincing, and satisfactory evidence. Visiting Nurse Assoc., St. Louis v. VNA Healthcare, Inc., 347 F.3d. 1052, 1053 (8th Cir. 2003) (citations omitted).

Upon review of the record, the Court concludes that the parties reached an enforceable settlement agreement. The parties jointly announced settlement to the Court on September 17, 2012. Additionally, the parties agreed to the essential terms of the contract, *i.e.*, that the plaintiff would dismiss the case in exchange for defendants' payment of $5,000.00. Furthermore, the subsequent correspondence between the counsel indicates the parties' intent to be bound by the agreement notwithstanding the ancillary adjustment of the payment schedule. See Johnson v. Dobson, et. al., 230 F.3d. 1363 (8th Cir. 2000) ( the "parties entered into a valid, oral, global-settlement agreement on May 14, notwithstanding minor later-resolved issues"); Sheng, 117 F.3d at 1083 (fact that parties left some details for counsel to work out during later negotiations cannot be used to abrogate an otherwise valid agreement). Therefore, plaintiff is entitled to enforcement of the settlement agreement.

The settlement agreement also provides for an award of attorneys' fees to a party who prevails in an enforcement proceeding. Thus, in addition to the settlement amount of $5,000 defendants will be required to pay the reasonable attorneys' fees plaintiff incurred in bringing this motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to enforce settlement agreement [Doc. #24] is **granted**. A separate judgment will be entered.

**IT IS FURTHER ORDERED** that plaintiff shall have until **April 15, 2013**, to submit a verified statement of attorneys' fees incurred in bringing the motion to enforce settlement.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2013.